IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ALTON E. HILTON, | : |
| Petitioner, | : |
| v. | : Case No. 5:01-CR-7(HL) |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

## ORDER

This matter is before the court on Petitioner Alton Hilton's Motion for Relief from Final Judgment; Alternatively, Motion for Resentencing or Other Appropriate Relief (Doc. 109) (the "Motion for Reconsideration"), Hilton's Motion to Supplement/Amend Motion for Relief from Final Judgment (Doc. 111) (the "Motion to Amend"), and Hilton's Motion for a Ruling on the Motion for Relief from Final Judgment (Doc. 113) (the "Motion for a Ruling"). For the following reasons, the Motion for Reconsideration is dismissed in part and denied in part, the Motion to Amend is denied as moot, and the Motion for a Ruling is denied as moot.

I.   **Factual Background**

Hilton was indicted in this Court on January 31, 2001 for the offenses of possession of a sawed-off shotgun in violation of 26 U.S.C. §§ 5861(d) and 5871, and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 18 U.S.C. § 924(e). On September 4, 2001, Hilton agreed to plead guilty to possession of a firearm by a convicted felon

as charged in count two. At sentencing, the government presented copies from Pennsylvania of three felony convictions for violent crimes committed by Hilton in 1980, crimes to which Hilton pled guilty. Based on this information, the Court determined that Hilton qualified for sentencing as an armed career criminal pursuant to § 924(e) and sentenced him to a prison term of 180 months.

Hilton appealed his sentence and his sentence was affirmed. Hilton then filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (the "Habeas Motion"). This motion was denied. After this motion was denied, Hilton filed numerous motions for reconsideration of this court's decision on his Habeas Motion pursuant to Federal Rule of Civil Procedure 60(b), all of which have been denied. Hilton even sought permission from the Eleventh Circuit Court of Appeals to file a second habeas petition. Central to Hilton's argument is that he does not qualify as an armed career criminal under § 924(e) because he only pled guilty to two qualifying offenses in Pennsylvania, not three as required by § 924(e). Hilton has presented documents to this Court regarding these offenses.

In his Motion for Reconsideration, Hilton again asks this court to reconsider its final order on his Habeas Motion pursuant to Rule 60(b), or, in the alternative, for the Court to resentence him pursuant to 28 U.S.C. § 3559(c)(7).

**II.   Discussion**

This Court lacks the subject matter jurisdiction to entertain a challenge, pursuant to Rule 60(b), to its determination on the Habeas Petition.  Boone v. Department of Corrections, 377 F.3d 1315, 1316-17 (11th Cir. 2004).  In Boone, the Eleventh Circuit wrote: "district courts do not have the jurisdiction to consider Rule 60(b) motions to reconsider the denial of a habeas petition . . . ."  Id. at 1317.  "[A] petitioner's attempt to reopen a final habeas judgment pursuant to Rule 60(b) is to be treated as an application to file a second or successive petition . . . ."[1]  Id.  Thus, this Court lacks jurisdiction to consider Hilton's Motion for Reconsideration with regard to the Rule 60(b) relief.  Hilton's Motion for Reconsideration (Doc. 109) is thus dismissed in part.

Furthermore, this Court cannot resentence Hilton under § 3559(c)(7).  Section 3559(c)(7) provides:

> If the conviction for a serious violent felony or serious drug offense that was a basis for sentencing *under this subsection* is found, pursuant to any appropriate State or Federal procedure, to be unconstitutional or is vitiated on the explicit basis of innocence, or if the convicted person is pardoned on the explicit basis of innocence, the person serving a sentence imposed under this subsection shall

---

[1] The Eleventh Circuit does hold that the one exception to this rule is a Rule 60(b)(3) challenge, whereby the petitioner moves for relief based on the "fraud . . ., misrepresentation, or misconduct by an opposing party. . . ."  Id. at 1317.  To prevail on a rule 60(b)(3) challenge, the petitioner must show by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct.  Cox Nuclear Pharmacy, Inc. v. CTI, Inc., 478 F.3d 1303, 1314 (11th Cir. 2007).  Additionally, the petitioner must show that the conduct prevented the losing party from fully and fairly presenting his case or defense.  Id.  Hilton claims that "it cannot be disputed that [the documents upon which his conviction and sentencing under § 924(e) was based] had been altered."  This conclusory statement is both unsupported in the record, and insufficient to meet Hilton's clear and convincing standard.

3

  be resentenced to any sentence that was available at the time of the original sentencing.

(emphasis added).  This section provides relief only if Hilton was sentenced under § 3559.  Hilton, however, was sentenced under § 924(e).[2] Therefore, Hilton cannot be resentenced under § 3559(c)(7).  See also United States of America v. Sullivan, 2005 WL 2090236 at *1 (11th Cir. 2005).  Hilton's Motion regarding resentencing is denied.

  Finally, Hilton has also filed a Motion to Amend (Doc. 11) and a Motion for a Ruling (Doc. 113).  Both of these motions relate to the Motion for Reconsideration.  In light of the foregoing, both the Motion to Amend (Doc. 111) and the Motion for a Ruling (Doc. 113) are denied as moot.

  For the foregoing reasons, the Motion for Reconsideration (Doc. 109) is dismissed in part and denied in part; the Motion to Amend (Doc. 111) is denied as moot; and the Motion for a Ruling (Doc. 113) is denied as moot.

  **SO ORDERED**, this the 9th day of November, 2009.

                *s/ Hugh Lawson*
                HUGH LAWSON, JUDGE

jch

---

[2] Section 924(e)(1) provides the following: "In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony . . . committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g)."

4