# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

ALTON E. HILTON,

    Petitioner,

v.                                  Case No. 5:01-CR-7 (HL)

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

This matter is before the Court on the Petitioner's Motion for Reconsideration (Doc. 116) (the "Motion to Reconsider") of this Court's Order (Doc. 114) (the "Order"). Among other rulings made in the Order, this Court dismissed the Petitioner's Motion for Relief from Final Judgment (Doc. 109) (the "Motion for Relief"). In the Motion for Relief, the Petitioner asked this Court once again to reconsider, pursuant to Federal Rule of Civil Procedure 60(b), its 2004 denial of the Petitioner's habeas petition.

In the Motion to Reconsider, the Petitioner asks this Court to reconsider its November 9, 2009 order denying the Motion for Relief, "on the ground that the court did not consider admissible evidence and issue-determinative evidence presented by the Petitioner." The evidence the Petitioner refers to is related to his felony convictions in Pennsylvania, convictions that led to the Petitioner being sentenced as an armed career

criminal. This Court must deny the Motion to Reconsider because, as described in its previous Order, this Court lacks jurisdiction to grant any relief on 60(b) motion.

The Petitioner mistakenly asserts that under 60(b)(3) this Court may consider his evidence because of an alleged misrepresentation. Any challenge under 60(b)(3), though, must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Under any conceivable analysis of this case, the one year limitation has long since run.

The Petitioner's only conceivable avenue for relief is for fraud upon the court under Rule 60(d)(3).[1] However, even construing the Petitioner's 60(b)(3) request as a 60(d)(3) request, the Petitioner's case still fails.

However, even if this Court, for the purpose of this Motion, assumes as true the Petitioner's statement that "his sentence was based on misrepresentation," such a misrepresentation is not a sufficient basis for a court to exercise its power under 60(d)(3). As this Court has written before:

> Unlike a motion under 60(b)(3), which allows a court to grant relief to a party where an act of fraud (either intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party has

---

[1] As this Court explained in Anderson v. U.S., 2010 WL 890173 (M.D. Ga. March 8, 2010): "Rule 60 was restructured effective December 1, 2007, to provide at 60(d)(3) that, 'This rule does not limit a court's power to set aside a judgment for fraud on the court.' Formerly, such claims were brought under 60(b)." Id. at *3, n. 2.

been committed, a motion for fraud upon the court is not bound by a one-year limitation for filing. Given the absence of a rigid time limitation, and the deep-rooted federal policy of preserving the finality of judgments, fraud upon the court cannot necessarily be read to embrace any conduct of which the court disapproves.

Williams v. Board of Regents of the University System of Georgia, 90 F.R.D. 140, 142 (M.D. Ga. April 29, 1981). In fact, the standard for fraud upon the court relief is quite high. As the Eleventh Circuit has stated numerous times:

> Fraud upon the court . . . embrace[s] only that species of fraud which does or attempts to defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.

Zakrzewski v. McDonough, 490 f.3d 1264, 1267 (11th Cir. 2007) (internal quotations and citations omitted). This Court has provided examples of what constitutes a fraud upon the court:

> Fraud which attempts to defile the court has been construed to include only the most egregious conduct, such as bribery of a judge or members of a jury; the fabrication of evidence by a party in which an attorney has been implicated; or the employment of counsel to 'influence' the court. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944); Root Refin. Co. v. Universal Oil Products, 169 F.2d 514 (3rd Cir. 1948); Rozier v. Ford Motor Co., 573 F.2d 1332 (5th Cir. 1978); 7 Moore, Federal Practice P 60.33, at 512.

Williams, 90 F.R.D. at 142.

As can be seen, fraud, for purposes of 60(d)(3), is not a mere misrepresentation. The Petitioner simply is unable to show the level of

fraud sufficient for relief under 60(d)(3).² Thus, the Motion (Doc. 116) is denied.

This Motion is the Petitioner's tenth motion to, in one way or another, ask this Court to reconsider its Order regarding his initial habeas petition (Doc. 53) which the Petitioner filed in 2003, including two appeals. Indeed, it is almost six years since this Court wrote, "The Court has grown weary of Petitioner's repetitive attempts to make the same argument in different ways." (Doc. 77, at 4.) And it is nearly four and a half years since a panel of the Eleventh Circuit wrote the following:

> Even though Hilton's Rule 60(b) motion is not barred by the restrictions of the AEDPA, his motion is still due to be denied for several reasons, one of which is that the district court has decided the precise issues against Hilton on several previous occasions, and Hilton has wholly failed to demonstrate any basis for further reconsideration. <u>Hilton should understand this case is over</u>.

<u>U.S. v. Hilton</u>, 164 Fed. Appx. 892, 893 (11th Cir. 2006) (emphasis added). Despite this unequivocal message from the Eleventh Circuit Court of Appeals, the Petitioner continues to clog this Court's docket with motion after motion making the same arguments over and over again. The Petitioner must accept that there is nothing left that can be done. All avenues to relief have been closed to the Petitioner. There is no relief that

---

² In one of its many orders in this case, this Court, in denying one of the Petitioner's motions, stated that the Court had directed the Bureau of Alcohol, Tobacco, Firearms, and Explosives and the Federal Bureau of Investigation to investigate "any possible fraud that may have been perpetrated on this Court in this matter." (Doc. 100) This Court entered this Order in 2005. These agencies have uncovered no such fraud to date.

the Petitioner can seek that is within this Court's power to grant. Hilton's case is truly over, there is no more that can be done. The Clerk is directed not to file any other submission by the Petitioner, by way of motion or otherwise, until such submission has been reviewed by the Court.

**SO ORDERED**, this the 24th day of May, 2010.

*s/ Hugh Lawson*
HUGH LAWSON, Senior Judge

jch